E. W. SNEAD, AS RECEIVER OF THE FIRST BANK OF MOORE HAVEN, *Appellant*, v. C. W. HINES, *Appellee*.

Division B.

Opinion Filed March 1, 1926.

*Treadwell & Treadwell*, for Appellant;

*W. W. Whitehurst* and *Leitner & Leitner*, for Appellee.

WHITFIELD, P. J.—The petition herein is as follows:

"C. W. Hines, a resident of Glendale, Arizona, files this, his petition in the above styled court against E. W. Snead, acting as Receiver for the First Bank of Moore Haven, heretofore a banking corporation doing business at Moore Haven in said county, and State of Florida:

"And, Thereupon, your petitioner complaining would respectfully represent that on June 23rd, A. D. 1922, and prior thereto, the First Bank of Moore Haven was a banking institution doing business at Moore Haven, Florida, in

Glades County; and that, on said date, your petitioner was the owner of eleven thousand dollars par value Liberty Bonds; and that petitioner took the aforesaid bonds to the First Bank of Moore Haven to deposit the same with said bank for safe keeping and to be returned to your petitioner upon demand therefor; and that your petitioner did deliver the said bonds into the safe keeping, custody and control of the aforesaid First Bank of Moore Haven, it being then and there expressly agreed and understood between your petitioner and the said bank that the aforesaid bonds would be returned to your petitioner upon the surrender of the certificates endorsed; a complete copy of each of the said certificates numbered 57, 58 and 59 being hereto attached marked Exhibits A, B and C for identification and made a part of this petition.

"Petitioner would further show that the said bank received the said eleven thousand dollars par value United States Liberty Loan Bonds and gave your petitioner receipt therefor, Exhibits A, B and C being respectively copies thereof, by the terms of which it agreed that it would return to your petitioner the said bonds when he should so desire them.

"And petitioner further shows that, thereafter, on, or about, December 1st, A. D. 1922, your petitioner did seek a return of his said bonds and did, then and there, offer to endorse and surrender the aforesaid certificates, and then and there demanded a return of the said bonds of the value of eleven thousand dollars par value; but charges the fact to be that the said bank, contrary to the understanding and agreement between it and your petitioner, had converted the aforesaid bonds to its own use, or had placed them beyond its control and was unable, and ever since has been unable, to return to your petitioner the said bonds, although he, at all times, has been ready, willing and able, and has

repeatedly offered to endorse and surrender the said certificates; but the said bank has converted the said bonds into money, or caused the same to be so converted, and appropriated the same to its own use and has not, and will not, return to your petitioner the said bonds.

"Petitioner would further show that, after he became aware that the said bonds had been converted and that the said bank could not, and would not, return the same and that the Receiver herein could not, and would not, return the said bonds in accordance with said receipts and the express agreement between petitioner and the said bank; your petitioner filed his claim with said Receiver setting forth the facts of the special deposit of said bonds in the bank to be returned to him in specie, and asking that the said claim be preferred over general creditors because the said deposit was special and the said bonds held by the bank in trust; and because petitioner was never a general creditor of said bank; but would here show that said Receiver did not allow the said claim as preferred but refused and denied the same.

"Your petitioner would further show that the said bonds were bearing interest at the rate of four and one-fourth per cent. per annum. That the par value of the said bonds was eleven thousand dollars. That there was due petitioner, at the time the said claim was filed and denied, the sum of eleven thousand dollars; and that there is now due petitioner the aforesaid sum of money, together with the interest which would have accrued on said bonds at the rate of four and one-fourth per cent from the first day of December, A. D. 1922. That the aforesaid claim is a preferred claim and a lien upon the funds in the hands of the Receiver of said bank; and that said sum of money ought to be paid in full to your petitioner and petitioner decreed to have a claim therefor over general creditors.

"THE PREMISES CONSIDERED, your petitioner respectfully prays that the court may hear and determine this matter, and upon hearing the same may enter a decree herein settling the rights of petitioner; and that the said deposit of bonds represented by the certificates, copy of which are hereto attached, may be decreed to have been a special deposit in trust and that the amount due your petitioner may be determined by the court and declared and decreed, thereby, to be preferred over general creditors; and that the said Receiver may be required to pay petitioner in full the amount of the claim so determined by the court; and that petitioner may have such further relief as the court may determine to be necessary."

Copies of receipts given for the bonds:

63-316    "U. S. BOND CERTIFICATE OF DEPOSIT.
FIRST BANK OF MOORE HAVEN    No. 57.
Moore Haven, Fla., June 23, 1922.

"THIS CERTIFIES THAT C. W. Hines has deposited in this bank One Thousand ($1,000.00) Dollars (par value) in U. S. Second Liberty Loan 4½% Registered Bonds, returnable to him or to his order at this bank on surrender of this certificate properly endorsed.

"Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds. This Certificate shall draw interest from this date at the rate of 1¾% payable quarterly.

D. W. Stevenson, Vice Pt."

"U. S. BOND CERTIFICATE OF DEPOSIT.
63-316    FIRST BANK OF MOORE HAVEN.    No. 58
Moore Haven, Fla., June 23, 1922.

"THIS CERTIFIES THAT C. W. Hines has deposited in this bank One Thousand ($1,000.00) Dollars (par value) in U. S. Fourth Liberty Loan 4¼% Registered Bonds, re-

turnable to him or to his order at this bank on surrender of this certificate properly endorsed.

"Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds. This Certificate shall draw interest from this date at the rate of $1\frac{3}{4}\%$ payable quarterly.

D. W. Stevenson, Vice Pt."

"U. S. BOND CERTIFICATE OF DEPOSIT,
63-316    FIRST BANK OF MOORE HAVEN    No. 59.

Moore Haven, Fla., June 23, 1922.

"THIS CERTIFIES THAT C. W. Hines has deposited in this bank Nine Thousand ($9,000.00) Dollars (Par Value) in U. S. Liberty Loan $4\frac{1}{4}\%$ Coupon Bonds in accordance with list hereto attached, returnable to him or to his order at this bank on surrender of this Certificate properly endorsed.

"Interest payable hereon in lieu of the interest on such bonds according to the terms and tenor of such bonds. This Certificate shall draw interest at the rate of $1\frac{3}{4}\%$ in addition to the interest as provided in the Coupons referred to, such interest payable quarterly.

. D. W. Stevenson, Vice Pt."

A demurrer to the petition was overruled and exceptions to the following answer except the first and last paragraphs were sustained:

"This defendant neither denies or admits that petitioner was the owner of the bonds mentioned in said petition and requires strict proof thereof.

"This defendant further answering said petition denies that the petitioner carried said bonds to said bank to deposit the same with the said bank for safe-keeping and charges the fact to be that said bonds were loaned by said petitioner to said bank in order to enable said bank to use

the same in its usual and regular course of business as collateral to its notes to be given for money which was to be borrowed by the said bank or to be deposited by said bank with the Treasurer of the State of Florida as security for deposits to be made by the State of Florida in said bank of public funds.

" Further answering said petition this defendant says that he is informed and believes that said bank agreed to pay unto said petitioner as consideration for the loan of said bonds to be used in its regular course of business as aforesaid the sum of one and three-fourths cents per annum as interest for each dollar of said bonds so loaned.

"And further answering said petition this defendant says that he is informed and believes and so states the fact to be that in pursuance of the purpose for which said bonds were loaned to said bank, the said bank either did place said bonds as collateral to its notes which it gave for borrowed money with certain banks or placed said bonds with the Treasurer of the State of Florida as security for deposits to be made by the said Treasurer with said bank of public moneys.

"Further answering said petition this defendant says that no demand was made by the petitioner upon said bank for the return of said bonds prior to the time the said bank became insolvent and this defendant was appointed as Receiver for the same.

"Further answering said petition this defendant says that after said bank became insolvent and said Receiver was appointed, the said bank and this defendant as its Receiver was unable to pay back to the State of Florida in full the moneys which had been deposited with it or to pay the notes for which said bonds had been put up as collateral and that thereupon the persons holding said notes for which they held bonds as collateral and the State of

Florida through its Treasurer in pursuance of the collateral agreement under which said bonds were held entered into between the bank and the holders thereof, and in pursuance of the agreement under which said bonds were held entered into between the bank and the holders thereof, and in pursuance of the agreement under which said bonds were deposited with the said Treasurer of Florida and as authorized by law, sold said bonds and applied the proceeds thereof to the payment of notes due by said bank to the holder of said bonds as collateral or applied the proceeds of the sale of said bonds to indemnifying the State of Florida for deposits made by it in said bank as aforesaid.

"Further answering said petition this defendant denies that said bonds were used by said bank contrary to the understanding and agreement between it and petiitoner but charges the fact to be that said bonds were used in the identical manner agreed upon by the parties and that said bank or this defendant as its Receiver was and is unable to return to said petitioner said bonds because of the use of the same in the manner agreed upon with the result that said bonds were sold and the proceeds applied as hereinbefore set forth.

"Further answering said petition this defendant charges that if said bonds were converted by said bank in the manner set forth in said petition that the said bank had disposed of the proceeds of said bonds prior to the time that he was appointed Receiver therefor as there was turned over to him, as the Receiver of said bank, only the sum of $2286.03.

"Further answering said petition this defendant says that he is advised and believes that a portion of said bonds referred to in said petition was registered in the name of the said C. W. Hines and that the said C. W. Hines, at

the time of the delivery of said bonds to the said bank duly assigned said bonds to the said bank.

"Further answering said petition this defendant denies that petitioner is a preferred creditor of said First Bank of Moore Haven but charges the fact to be that if said petitioner is a creditor at all, he is a general creditor and not entitled to any preference."

The defendant appealed.

Assuming the petition to be appropriate procedure and that it was not subject to the demurrer as interposed, the exceptions to the answer should not have been sustained.

The averments of the answer apparently do not seek to vary the terms of the written receipts made a part of the petition, but to show the real purpose and intent of the parties to the transaction. Appropriate evidence under the averments of the answer consistent with the receipts would enable the court to determine the rights of the parties under the law.

Reversed.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the Opinion.